CITY AND COUNTY OF SAN FRANCISCO

OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

SEAN F. CONNOLLY
Deputy City Attorney

Direct Dial:  (415) 554-3863
Email:        sean.connolly@sfgov.org

September 16, 2016

Hon. Edward M. Chen
United Stated District Judge
450 Golden Gate Avenue
Courtroom 5-17th Floor
San Francisco, CA 94102

    Re:   *United States vs. Matthew Mumphrey, et al.*, No. 14-cr-00643-EMC-1
           Operation Safe Schools; Status Conference: September 20, 2016

Dear Judge Chen,

      As you well know, the procedural history leading up to the Court's discovery order is long and very involved. It has taken great time and effort getting familiarized with the issues. Besides reviewing the motion and related pleadings and exhibits, it has also necessarily involved reviewing other pleadings such as defendants' notice of related case, the case management statement, and the government's motion for ruling on defendants' claim of selective enforcement, and all the supporting declarations and exhibits to those filings. And, there are still other documents that I have yet to review and others that I cannot review because they were filed under seal. I have also finally had the opportunity to review the transcript of the hearing on defendants' motion.

      As an initial observation, I am extremely troubled by the fact that no one was present in the courtroom at the May 9th hearing on the motion to represent San Francisco's interests. A review of that transcript and later transcripts suggests to me that there was a profound misunderstanding by the parties regarding San Francisco's position, as well as whether or not San Francisco had been properly notified about the motion. I am certain the Court did not have all the relevant information. It is all the more frustrating because the Court specifically asked the same question we are asking now.[1] Consequently, because they were not represented, the San Francisco Police Department and some of its members were deprived of an important opportunity to respond to extremely serious allegations made within the context of defendants' selective enforcement claim. Further, it is my understanding that defendants did not serve the Department or the City with the motion. Given the serious issues under consideration and the various arguments made, a representative for San Francisco should clearly have been in the courtroom to respond. Regrettably, the Court did not have a chance to hear from San Francisco about its position on any of the questions raised.

---

[1] At the hearing, the Court appropriately asked, "why wouldn't the San Francisco Police Department want to respond and give its side of the story. I don't understand." Transcript of Hearing, p. 72.

FOX PLAZA · 1390 MARKET STREET, SIXTH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-3837

n:\lit\li2016\170067\01135466.docx

CITY AND COUNTY OF SAN FRANCISCO                                    OFFICE OF THE CITY ATTORNEY

Letter to Hon. Edward M. Chen
Page 2
September 16, 2016

      Further, we completely disagree with the representation made to the Court on May 9, 2016, that "SFPD is unwilling to cooperate in allegations of racism against them."  This representation and other similar ones were simply wrong or based on mistaken information.  These statements are exactly the types of statements we should have been allowed to address at the time, in the Court's presence, and underscore the problems created by "empty chair" litigation.  Allegations of the type raised in defendants' motion warrant a response from a public entity and San Francisco shares this Court's sentiment that "there ought to be a response."  Transcript of Hearing, p. 17.  Public trust in our courts and our criminal justice institutions are compromised where such allegations are not answered.  To that end, I am investigating the allegations now and intend to raise these issues with the Court when I have more information.

      Discovery Requests:

      I have also reviewed defendants' discovery requests and am gathering responsive documents.  While some of the requests are objectionable for various reasons, there are others to which the City anticipates producing documents.  Given the breadth of information sought by defendants, production could involve thousands of pages of documents, and will certainly involve an inordinate amount of time, energy, and resources.  We have been actively collecting responsive documents.

      In an effort to facilitate the Court's Order, I have also attempted to determine what documents the government and defendants already possess so that we do not have to waste time and resources collecting information that has already been produced.  Initially, there appear to be several categories of documents that San Francisco needs more information about in order to adequately meet and confer, and which may serve to limit the universe of information to search.  To that end San Francisco has previously addressed the following concerns to the parties:

      1.     **All documents filed under seal or redacted**.  There were many documents filed under seal that are relevant to the allegations and relevant to the types of discovery defendants now seek.  I need to review and consider the documents filed under seal related to defendants' motion.  Without them, we cannot finish the meet and confer process.  I have met and conferred with the parties and we have submitted a stipulation regarding redacted documents and a proposed order for the Court's review.

      2.     **Documents produced by the Government to Defendants.**  I have requested that the parties identify the documents already produced to defendants by the Government in this litigation.  I have also asked the parties for guidance on whether San Francisco's production of documents is affected at all by Rule 16 and the *United States v. Fort*, 472 F3d 1106 (9th Cir. 2006), or whether either apply in the present circumstances.  We await the parties' responses.

      3.     **Documents received by Defendants from Freedom of Information Act ("FOIA") requests.**  I have requested that defendants identify which documents they have already received though FOIA or other public records requests.  I am aware of a May 8, 2015 request (Koeninger Decl. ¶2 Dkt. 119-1) and another on November 9, 2015 (*Id*. at ¶4).)  It is my understanding that attachment "D" to Koeninger Declaration (filed under seal) is the Department's response.  I have also asked for confirmation that attachment "D" is the complete response to both FOIA requests, or whether there were other documents produced pursuant to a

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Hon. Edward M. Chen
Page 3
September 16, 2016

public records request (identified above or not) that were not part of attachment "D." We are waiting to hear back from defendants.

    4.    **Documents received by the Government from San Francisco**.  I have requested that the Government identify which documents it has received from the San Francisco Police Department.  We have had on-going discussions about this topic.

Responses from both the Government and defendants will help to narrow the scope of outstanding discovery issues and economize valuable time required to identify and collect documents responsive to defendants' discovery demands.  While I have not heard back from the parties regarding any of my inquiries, except the stipulation, I anticipate hearing back from them soon.

Very truly yours,

DENNIS J. HERRERA
City Attorney

*Sean F. Connolly*

SEAN F. CONNOLLY
Deputy City Attorney